IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:10cv268

| | |
|---|---|
| IN RE: ) </br> ) </br> IDA HAYS MCCORMICK CLARK, ) </br> ) </br> Debtor. ) </br> _____ ) </br> WAYNE SIGMON, TRUSTEE IN ) </br> BANKRUPTCY FOR ) </br> IDA HAYS McCORMICK CLARK, ) </br> ) </br> Plaintiff, ) </br> ) </br> v. ) </br> ) </br> KATE A. KUEBLER and ) </br> PURE COUNTRY, INC., ) </br> ) </br> Defendants. ) </br> _____ ) </br> JOHN F. SHAFROTH, ) </br> ) </br> Appellant, ) </br> ) </br> vs. ) </br> ) </br> WAYNE SIGMON, ) </br> ) </br> Appellee. ) </br> _____ ) | **ORDER OF DISMISSAL** |

**THIS MATTER** is before the Court *sua sponte* upon a Memorandum

from the Bankruptcy Clerk filed November 3, 2010 [Doc. 2], as well as a

Motion to Dismiss of counsel for Kate Kuebler, defendant in an adversary proceeding underlying this matter, which was filed in that matter and transmitted to this Court. [Doc. 3].

On October 13, 2010, Judge George Hodges entered judgments in adversary proceedings, Adv. No. 08-4004 and 08-4005. [Doc. 1-1, pg. 5-7, 8-12]. Appellant Shafroth, not a party to that proceeding but a creditor in its underlying Chapter 7 bankruptcy matter, filed a Motion to Extend Time to Appeal. [Doc. 1-1 pg. 1-4]. Judge Hodges denied that Motion via order dated November 10, 2010, discussing the application of Rule 8002(c)(3) and citing inexcusable neglect. [Doc. 1-2].

In spite of its admitted untimeliness, Appellant Shafroth filed his Notice of Appeal with this Court, on November 15, 2010. [Doc. 1]. He provided no new argument in support of making this untimely appeal. [Doc. 1-1 pg. 1-4; compare to Case 08-4004 Doc. 59]. His filing cites no basis for the implication that Judge Hodges ruled in error in finding that the difficulties he cited were not excusable neglect.

The time for filing notice of appeal is, pursuant to Rule 8002(a), is "14 days of the date of the entry of the judgment, order, or decree appealed from." Fed. R. Bankr. P. 8002(a). Appellant's November 15, 2010 filing was made well more than fourteen days from the October 13 order appealed from.

"Failure to file a timely notice of appeal thus deprives the district court of jurisdiction to review the bankruptcy court's order or judgment." Twins Roller Corp. v. Roxy Roller Rink Joint Venture, 70 B.R. 308, S.D.N.Y.,1987, citing In re Universal, 755 F.2d 309, 312 (3d Cir.1985); Matter of Robinson, 640 F.2d 737, 738 (5th Cir.1981).

The Clerk of the Bankruptcy Court has informed this Court in a Memorandum that as of December 1, 2010, Appellant had failed to file a designation of record and statement of issues, which were due by November 29, 2010 pursuant to Fed. R. Bankr. P. 8006.

The matter being ripe for dismissal due to the Court's lack of jurisdiction, as noted above, it is unnecessary for the Court to conduct a Weiss[1] analysis and rule on this procedural defect in Appellant's prosecution of his case.

For the reasons stated above, this matter will be dismissed.

**IT IS THEREFORE ORDERED**, that the Motion to Dismiss [Doc. 3] is **GRANTED,** and this matter is **DISMISSED**.

Signed: December 6, 2010

Martin Reidinger
United States District Judge

---

[1] In re Weiss, 111 F.3d 1159 (4th Cir. 1997)